# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARUWAN CHANMANEE,

    Plaintiff

v.

STATE OF NEVADA DEPARTMENT OF TAXATION,

    Defendant

Case No.: 2:19-cv-00089-APG-VCF

**Order Granting Motion to Dismiss and Denying Motions for Summary Judgment**

[ECF Nos. 6, 8, 15]

    Plaintiff Charuwan Chanmanee filed this lawsuit against the State of Nevada Department of Taxation (the Department) contending the Department incorrectly assessed over $40,000 in taxes against him. The Department moves to dismiss, arguing it has not been properly served, the complaint does not identify a basis for subject matter jurisdiction, and the Tax Injunction Act deprives the court of subject matter jurisdiction because there is a plain, speedy, and efficient remedy in state court. Chanmanee responds by filing two motions for summary judgment, arguing he properly served the Department by registered mail and there was no plain, speedy, and efficient remedy because his calls to the Department went unanswered. He does not identify a basis for this court to exercise subject matter jurisdiction.

    Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). The complaint in this case alleges only a state law claim for an allegedly incorrectly assessed state tax, so there is no federal question jurisdiction. *See* 28 U.S.C.§ 1331 (granting federal district court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Pursuant to 28 U.S.C. § 1332, federal district courts have original

jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "For the purposes of diversity jurisdiction, a State is not a citizen of itself." *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (quotation omitted). "Thus, neither a state nor a state agency [can] be a party to a diversity action." *Id.* (quotation omitted).

As the party seeking to invoke this court's jurisdiction, Chanmanee bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). Chanmanee has not met his burden because neither his complaint nor the papers he filed in this case identifies a basis for this court to exercise subject matter jurisdiction. I therefore grant the Department's motion to dismiss and deny as moot Chanmanee's motions for summary judgment.

IT IS THEREFORE ORDERED that defendant State of Nevada Department of Taxation's motion to dismiss **(ECF No. 6) is GRANTED**. The plaintiff's complaint is dismissed for lack of subject matter jurisdiction, and the clerk of court is instructed to close this case.

IT IS FURTHER ORDERED that plaintiff Charuwan Chanmanee's motions for summary judgment **(ECF Nos. 8, 15) are DENIED as moot**.

DATED this 10th day of April, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE